**WILLAMETTE INDUSTRIES, INC.,**
Petitioner–Appellant,

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

**Nos. 97–70033 to 97–70035.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 10, 1998.

Decided July 28, 1998.

Charles P. Duffy, Philip N. Jones, and Peter J. Duffy, Duffy, Kekel, Jones & Bernard, Portland, Oregon, for petitioner-appellant.

Loretta C. Argett, Richard Farber, and John A. Dudeck, Jr., United States Department of Justice, Tax Division, Washington, DC, for respondent-appellee.

Before: ALARCON, FERGUSON, and BRUNETTI, Circuit Judges.

PER CURIAM:

The Commissioner determined deficiencies in income taxes for Willamette Industries, Inc. ("Willamette") for the years 1978–1983. Willamette challenges the tax court's rulings on two separate issues in connection with these deficiencies: (1) whether, for purposes of 26 U.S.C. § 631(a) [1], the fair market value of timber logged by Willamette and its subsidiaries on United States Forest Service lands includes the price of building the logging roads required by the Forest Service as part of its contract; and (2) whether Willamette properly deducted $20 million pursuant to 26 U.S.C. § 461(f) on its 1981 tax return because it procured an unsecured letter of credit in that amount for purposes of satisfying its estimated liability in an anti-trust class action lawsuit.

Both issues were originally assigned to Special Trial Judge Vandervort for trial and were subsequently reassigned to Special Trial Judge Powell for a decision. On May 23, 1989, Tax Court Judge Scott entered an opinion adopting Special Trial Judge Powell's opinion on the contested liability issue. *See Willamette Industries, Inc. v. Commissioner,* 92 T.C. 1116, 1989 WL 53301 (1989). This

---

**1.** All section references are to the Internal Revenue Code in effect for the years in issue.

opinion held that Willamette could not deduct the contested liability because the letter of credit was not a transfer of money or property within the meaning of Section 461(f)(2).

On July 16, 1992, Tax Court Judge Drennen issued a memorandum opinion on the fair market value issue adopting Special Trial Judge Powell's opinion on the issue. *See Willamette Industries, Inc. v. Commissioner,* 64 T.C.M. (CCH) 202 (1992). The tax court held that road construction costs were not to be taken into account in determining the fair market value of timber under Section 631(a). The tax court relied on a previous opinion on a previous case litigated by Willamette regarding tax years 1974–77. *See Willamette Industries, Inc. v. Commissioner,* 54 T.C.M. (CCH) 616, 628–29 (1987), *supplemented by,* 60 T.C.M. (CCH) 48, 51–52, 1990 WL 91249 (1990), *supplemented further by,* 62 T.C.M. (CCH) 451, 452–58, 1991 WL 151413 (1991).

■ We determine that the tax court's decisions on both the fair market value and contested liability issues are correct and are therefore affirmed.